UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEZIRAI TOOHEY,**

    Plaintiff,

vs.                                    CASE NO.:

**SOLARIS HEALTHCARE**
**BAYONET POINT, LLC,**
**a Florida Limited Liability Company,**

    Defendant.

_____/

## COMPLAINT

Plaintiff, DEZIRAI TOOHEY, by and through her undersigned attorney, sues the Defendant, SOLARIS HEALTHCARE BAYONET POINT, LLC, a Florida Limited Liability Company, (hereinafter referred to collectively as "SOLARIS" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, DEZIRAI TOOHEY, is a resident of Brooksville, Hernando County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4. Defendant, SOLARIS, is a Florida Limited Liability Company, authorized and doing business in this Judicial District.

5. Defendant, SOLARIS, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

6. At all times material, Plaintiff, DEZIRAI TOOHEY, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

7. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

8. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

9. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. On May 17, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on

Human Relations and intends to amend this Complaint to add these claims once she has complied with the necessary administrative prerequisites.

## FACTUAL ALLEGATIONS

11. Plaintiff, DEZIRAI TOOHEY, began her employment with Defendant in or around February 2020 as a Certified Nursing Assistant in Hudson, Pasco County, Florida.

12. On or about January 1, 2023, Plaintiff requested to go to PRN status due to her pregnancy and the serious health condition of her father for whom she was a caregiver. Plaintiff made her request both in writing and verbally to Terri Kirves (Director of Nursing), Coral Braziel (Unit Nurse Manager) and Sara Donaldson (Staffing Coordinator).

13. On or about January 5, 2023, as Plaintiff was on her way to work, Ms. Braziel (Unit Nurse Manager) contacted Plaintiff and informed her 15 minutes before her shift, not to come into her shift, and not to bother coming in again because her request had been denied.

14. On or about January 5, 2023, Plaintiff informed Ms. Braziel that she simply made a request, but was otherwise willing and prepared to work her normal scheduled shift. Ms. Braziel again responded "don't bother coming in".

15. On or about January 5, 2023, Plaintiff contacted Sara Donaldson (Staffing Coordinator) to inquire about her schedule. Ms. Donaldson confirmed

that Plaintiff had been removed from the schedule and that she had heard that Plaintiff had been fired.

16. At no time after informing Defendant of her pregnancy did Defendant inform Plaintiff of her rights and responsibilities under the Family and Medical Leave Act (FMLA).

17. Defendant further failed to inform Plaintiff of her rights and responsibilities upon placing Defendant on notice of the need for additional intermittent leave to care for her father with a serious health condition.

18. Plaintiff was terminated on January 5, 2023 for requesting time off for absences and rights covered by the FMLA.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 18.

20. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

21. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

22. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

23. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

24. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights among other actions.  Specifically, Defendant failed to inform Plaintiff of her rights and responsibilities upon learning she was pregnant and after she placed notice of the need for additional intermittent leave to care for her father with a serious health condition.  Defendant further interfered with her rights by terminating Plaintiff after she requested leave protected by the FMLA.

25. Defendant's actions constitute violations of the FMLA.

26. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 18.

28. Defendant has retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for FMLA covered and protected time off was a substantial or motivating factor that prompted Defendant to terminate Plaintiff's employment.

29. Defendant's actions constitute a violation of the FMLA.

30. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following damages against Defendant,

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

31. Plaintiff demands a trial by jury on all issues so triable.

Dated this 21st day of June, 2023.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Wolfgang M. Florin*
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com
        **MIGUEL BOUZAS, ESQUIRE**
        Florida Bar No.: 48943
        miguel@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942

        *Attorneys for Plaintiff*